1  NICHOLAS M. WAJDA (State Bar #259178)
2  Attorney Email Address: nick@wadjalawgroup.com
   WAJDA LAW GROUP, APC
3  6167 Bristol Parkway, Suite 200
   Culver City, California 90230
4  Telephone: (310) 997-0471
   Facsimile: (866) 286-8433
5  *Attorney for Plaintiff*

6
                **UNITED STATES DISTRICT COURT**
7               **CENTRAL DISTRICT OF CALIFORNIA**
                      **WESTERN DIVISION**
8

9                                         Case No.  2:21-cv-04857

10  DEVONTE THOMAS,                       **COMPLAINT FOR DAMAGES**

11              Plaintiff,                **1. VIOLATIONS OF THE FAIR DEBT
                                          COLLECTION PRACTICES ACT, 15
12       v.                               U.S.C. § 1692 *ET SEQ.***
                                          **2. VIOLATIONS OF THE ROSENTHAL
13  HUNTER WARFIELD, INC.,                FAIR    DEBT    COLLECTION
                                          PRACTICES ACT, CAL. CIV. CODE
14  Defendant.                            §1788 ET SEQ.**

15
                                          **JURY TRIAL DEMANDED**
16

17       NOW COMES the Plaintiff, DEVONTE THOMAS ("Plaintiff"), by and through his

18  undersigned counsel complaining of the Defendant, HUNTER WARFIELD, INC., ("Defendant"),

19  as follows:

20                          **NATURE OF THE ACTION**

21
     1.   Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt
22
    Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Rosenthal
23
    Fair Debt Collection Practices Act ("RFDCPA") pursuant to California Civil Code §1788 *et. seq*.
24
                          **JURISDICTION AND VENUE**
25
     2.  This action arises under and is brought pursuant to the FDCPA and the RFDCPA.
26

27

28

                                          1

3.   Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

4.    The Court has supplemental jurisdiction over Plaintiffs' RFDCPA claim pursuant to 28 U.S.C. §1337.

5.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Hunter Warfield, Inc. regularly conducts business in the Central District of California.

**PARTIES**

6.   DEVONTE THOMAS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in this judicial district.

7.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.   HUNTER WARFIELD, INC. ("Defendant") is a corporation organized under the laws of Florida.

9.   Defendant maintains its principal place of business at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

10. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

**FACTUAL ALLEGATIONS**

11. In or around 2015, Plaintiff incurred a debt to an apartment complex in the approximate amount of $4,600.00 ("subject debt").

12. Due to unforeseen circumstances, Plaintiff was unable to pay the subject debt.

13. Once unpaid, the account was referred to Defendant for collection.

14. Defendant has been placing collection calls to Plaintiff for several years regarding the

2

subject debt.

15. Recently Plaintiff, in an attempt to improve his credit, attempted to work out a settlement agreement with Defendant.

16. In or around the end of May 2021, Plaintiff was advised that Defendant would be making a settlement offer.

17. On June 4, 2021, Plaintiff spoke with Defendant, who informed Plaintiff that the subject debt could be settled for $2,276.00.

18. Plaintiff accepted the settlement offer and placed his debit card information on file, as required by Defendant to confirm the settlement offer.

19. Plaintiff requested that the settlement offer be sent to him in writing, but Defendant refused to send anything in writing until the agreed payment was made.

20. Defendant also stated that the phone calls are recorded, so there was no need to have anything in writing.

21. Plaintiff and Defendant agreed that the settlement payment would be made on June 30, 2021.

22. On June 6, 2021, Defendant called Plaintiff to confirm his card details for the payment once again.

23. Suddenly, on June 7, 2021, Defendant called Plaintiff and informed him that he needed to make a payment the same day in order to take advantage of the settlement agreement.

24. Confused and exasperated, Plaintiff inquired why the terms of the settlement were changing.

25. Defendant replied that its client did not like the agreement and the only way to make sure the agreement did not fall apart was to pay the agreed-upon amount immediately.

26. Plaintiff refused to make the payment, asking for more details as to the change in terms.

27. Defendant stated now it was Plaintiff's fault that the settlement agreement would fall apart.

28. Plaintiff again attempted to obtain information as to why Defendant was forcing him to make payment now.

29. Despite, Plaintiff's numerous attempts to resolve the discrepancy, Defendant demanded payment.

30. Shocked by Defendant's deceptive collection efforts, Plaintiff was forced to retain counsel to vindicate his rights.

31. Specifically, Plaintiff suffered damages in the form of an oral contract being broken, and Plaintiff losing the ability to settle the subject debt for the agreed upon amount at the agreed upon date.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

### a.  Violations of FDCPA §§ 1692f and 1692e

34. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect funds for the settlement agreement on a different date than that to which Plaintiff had agreed.

36. Specifically, Defendant wanted to charge Plaintiff's debit card on June 7, 2021 instead of June 30, 2021, in violation of the settlement agreement.

37. Further, Defendant threatened to rescind the offer if Plaintiff did not pay immediately,

38. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

39. Defendant violated §1692 by falsely representing to Plaintiff that the subject debt would be settled by a payment on June 20, 2021, and then egregiously attempting to collect the settlement over two weeks earlier.

40. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

WHEREFORE Plaintiff, DEVONTE THOMAS, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

**COUNT II -Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 _et seq._)**

41. Plaintiff restate and realleges all previous paragraphs as though fully set forth herein.

42. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

43. As pled above, Defendant violated 15 U.S.C. §§1692e and 1692ef; therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE**, Plaintiff, DEVONTE THOMAS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Rosenthal Fair Debt Collection Practices Act;

b.  Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Rosenthal Fair Debt Collection Practices Act violations;

c.  Awarding Plaintiff costs and reasonable attorney's fees; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: June 15, 2021                              Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com